FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2014 DEC -4 PM 2:24

CLERK_____
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, f/u/b/o PREFERRED MATERIALS, INC., | ] ] ] | |
| Plaintiff, | ] ] | |
| vs. | ] ] | Case No. CV414-207 |
| Q.B.S., INC., FEDERAL INSURANCE CO., and ARCO, INC., | ] ] ] | |
| Defendants. | ] ] | |

## CONSENT ORDER ON MOTION TO STAY CROSS-CLAIMS AND TO COMPEL ARBITRATION

Pending before the Court is the Motion to Stay Cross-Claims and Compel Arbitration filed by defendants QBS, Inc., and Federal Insurance Company (Doc. # 17). All parties, including the plaintiff, have now entered into an Arbitration Agreement, a fully executed copy of which is attached hereto as Exhibit A, by which the parties have agreed to submit all issues pending in this action to binding arbitration, with Patrick T. O'Connor, Esq., serving as the arbitrator.

In consideration of the parties' Arbitration Agreement, and by consent of all parties to this action, as shown by the signatures of their counsel of record below, it is hereby ordered that this action is stayed in its entirety, pending arbitration of all claims herein pursuant to the terms of the Arbitration Agreement. It is further ordered that the parties shall participate in arbitration of all claims herein, in accordance with the terms of the Arbitration Agreement, with any

1

arbitration hearing to be completed on or before August 15, 2015. It is further ordered that this Court will retain jurisdiction of this matter for the purpose of enforcement of the arbitration award(s) rendered in accordance with the Arbitration Agreement.

SO ORDERED, this 4th day of December, 2014.

/s/ M. Smith
Hon. G. R. Smith, Magistrate Judge

Consented to by:

s/ Dana F. Braun
Dana F. Braun
Attorney for Q.B.S., Inc., and Federal Ins. Co.
State Bar of Georgia # 078512
Callaway, Braun, Riddle & Hughes, P.C.
Post Office Box 9150
Savannah, Georgia 31412
Phone: (912) 238-2750
Fax: (912) 238-2767
dbraun@cbrhlaw.com

s/ David H. Johnson
David H. Johnson
Attorney for ARCO, Inc.
State Bar of Georgia # 393250
McCorkle & Johnson, LLP
319 Tattnall Street
Savannah, Georgia 31401
Phone: (912) 232-6000
Fax: (912) 232-7060
dhj@mccorklejohnson.com

s/ David M. Toolan
David M. Toolan
Attorney for Plaintiff
State Bar of Georgia # 714620
Oldcastle Law Group
900 Ashwood Parkway, Suite 600
Atlanta, Georgia 30338
Phone: (770) 392-5368
David.Toolan@oldcastlelaw.com

Prepared by:

s/ David H. Johnson
David H. Johnson

q:\data\wpdata\6800\6833-02 arbitration consent order.docx

2

# Exhibit A

## ARBITRATION AGREEMENT

This Arbitration Agreement ("Agreement") is made and entered into this 30d day of November, 2014 (the "Effective Date"), by and between Preferred Materials, Inc. f/k/a Oldcastle Southern Group, Inc. d/b/a APAC-Southeast, Inc. ("PMI"), ARCO, Inc. ("ARCO"), QBS, Inc. ("QBS"), and Federal Insurance Company ("Federal") (hereinafter sometimes collectively referred to as "the Parties").

### Recitals

A. The United States Army Corp of Engineers, as the public authority, entered into a contract with QBS, as the principal contractor, for improvements at Fort Stewart, Georgia known as the 10th Engineering Battalion Company Operations Facility.

B. QBS and ARCO then entered into a certain subcontract agreement dated July 20, 2011 (the "ARCO Subcontract") for ARCO to furnish labor, materials, equipment, and other services for the 10th Engineering Battalion Company Operations Facility project in Fort Stewart, Georgia (the "Project").

C. Federal acted as surety in connection with the Project and issued a payment bond in the amount of $13,186,000.00.

D. Subsequently, ARCO entered into a subcontract agreement with PMI dated November 28, 2011 (the "PMI Subcontract") for certain work to be performed on the Project.

E. Following completion of the Project, certain disputes and/or controversies have arisen among the Parties concerning their respective rights and obligations. On September 19, 2014, PMI filed a Complaint against QBS, Federal, and ARCO in the United States District Court for the Southern District of Georgia, Savannah Division, case styled *The United States for the Use and Benefit of Preferred Materials, Inc., F/K/A/ Oldcastle Southern Group, Inc., D/B/A/ APAC Southeast, Inc. v. Q.B.S. Inc., Federal Insurance Company, and ARCO, Inc.*, Case No. CV-414-207 (the "Lawsuit").

F. In response to the Complaint, ARCO filed an Answer and Cross-claims against QBS and Federal on October 15, 2014.

G. In connection with the Lawsuit, the Parties have agreed to submit any and all claims by and between the Parties arising out of the ARCO Subcontract, the PMI Subcontract, and the dealings amongst them for construction services on the Project, including but not limited to, those claims asserted in PMI's Complaint and ARCO's cross-claims (the "Claims"), to binding arbitration, on the terms and conditions as set forth below.

i

NOW, THEREFORE, in consideration of the above recitals, which are incorporated herein, and for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. **Agreement to Arbitrate.** The Parties hereby consent and agree to submit the Claims to binding arbitration before a neutral arbitrator.

2. **Neutral Arbitrator.** The arbitration shall be conducted by a single neutral arbitrator and the Parties hereby agree to utilize Patrick O'Connor, as the arbitrator ("Arbitrator"). If the Arbitrator is unable or unwilling to serve, the Parties shall cooperate with each other in agreeing upon a replacement arbitrator. If the Parties cannot agree upon a replacement arbitrator, then either Party can submit a motion to the Court in the Lawsuit, requesting that the Court select the replacement arbitrator.

3. **Location of Arbitration Hearing.** The arbitration hearing shall be held in Savannah, Georgia.

4. **Governing Law.** The arbitration hearing shall be governed by the AAA Construction Industry Arbitration Rules (without using AAA to administer) and the Federal Arbitration Act ("FAA"). In the event of any conflict between this Agreement and either the AAA rules or the FAA, then this Agreement shall govern.

5. **Discovery & Arbitration Hearing Procedures.** The following procedures shall be followed in connection with the arbitration proceeding:

    a. The exchange of written discovery and depositions, upon request, shall be governed by and be in accordance with the Federal Rules of Civil Procedure, with any motions to compel production of documents or attendance at deposition, or motions for protective orders, to be decided by the Arbitrator.

    b. The Parties shall provide the names, curriculum vitae, and summaries of the testimony anticipated from all expert witnesses, along with copies of any and all reports generated by such witnesses not later than ninety (90) days prior to the arbitration hearing.

    c. Except for rebuttal exhibits, the Parties shall list and exchange copies of all exhibits and demonstrative evidence expected to be used at the hearing not later than thirty (30) days prior to the arbitration hearing. Unless a document is specifically objected to, the Arbitrator will assume such documents are submitted without objection and they will be considered as evidence. The Parties will also exchange lists of all witnesses that they expect to testify at the hearing, at the time that exhibits are exchanged. Any documents not listed on the exhibit list may not be offered into evidence at the final arbitration hearing, unless the offering Party shows good cause as to why the exhibit was not listed.

    d. The Parties will be allowed to submit to the Arbitrator a post-hearing brief of no more than fifteen (15) pages. The Arbitrator may request counsel address specific factual issues and points of law.

2

e. The Arbitrator shall issue a Final Award in writing, determining liability and damages on the Claims within fifteen (15) days of the close of the hearings, which will not occur until briefs are submitted. The Arbitrator's Final Award shall set forth the award and a reasoned basis therefor. The Final Award shall be final and binding upon the Parties. The Arbitrator shall have the power to award any type of relief that would be available in a court of competent jurisdiction. Any award may be entered as a judgment in the action presently pending among the Parties in the United States District Court for the Southern District of Georgia, Savannah Division.

f. Any disputes regarding the foregoing procedures, requests for modifications thereto, and the enforcement thereof will be in the sole discretion of the Arbitrator.

6. **Arbitration Hearing Schedule.** The arbitration hearing shall be scheduled for seven (7) consecutive calendar days, or such lesser time as the Parties mutually agree, on the earliest dates that the Arbitrator, Parties and counsel are all available.

7. **Fees & Costs.** The reasonable fees and expenses charged by the Arbitrator shall be paid as follows: one-third to be paid by PMI, one-third to be paid by ARCO, and one-third to be paid by QBS/Federal. The Parties shall pay for their own witness costs and expert and attorneys' fees. Notwithstanding anything to the contrary herein, the Arbitrator may, at his discretion, award fees and expenses to a Party to the extent permitted by applicable law. The Arbitrator, in his discretion, shall determine a reasonable time for payment of all fees and costs.

8. **Releases; Dismissal.** Upon receipt of payment in the amount set forth in the Final Award and such payment clearing the recipient's bank:

a. the Parties shall file a joint stipulation of dismissal with prejudice of the Lawsuit; and

b. the Parties shall execute and exchange full and final mutual releases of all Claims related to or arising out of the construction and design of the Project.

9. **Cooperation.** Prior to the final arbitration hearing, the Parties shall cooperate with each other in a good faith attempt to narrow the issues to be presented; and to reach such factual stipulations and other agreements to facilitate a clear presentation of the issues on an expedited basis.

10. **Stay of Litigation.** Within five (5) days after the Parties' execution of this Agreement, the Parties shall notify the Court of their agreement to stay the Lawsuit, and shall submit a stipulated order staying the Lawsuit and reserving jurisdiction to enforce this Agreement and any Final Award entered by the Arbitrator.

11. **Entire Agreement.** This is the complete Agreement of the Parties on the subject of arbitration of Claims arising under or related to the PMI Subcontract, ARCO Subcontract, and

3

completion of the Project. This Agreement supersedes any prior or contemporaneous oral or written agreement or understanding on the subject.

12. **Counterparts; Facsimile/Email Transmission.** This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. This Agreement shall be binding upon the Parties upon the facsimile transmission or email transmission of an executed copy thereof.

IN WITNESS WHEREOF, the Parties have executed this Agreement effective as of the Effective Date first above written.


**PREFERRED MATERIALS, INC. F/K/A OLDCASTLE SOUTHERN GROUP, INC. D/B/A APAC-SOUTHEAST, INC.**

By: _____
DAVID M. TOOLAN
ASST SECRETARY / COUNSEL

**ARCO, INC.**

By: _____
_____, (_____)


**QBS, INC.**

By: _____
_____, (_____)


**FEDERAL INSURANCE COMPANY**

By: _____
_____, (_____)

y:\16104\preferred materials\arbitration agreement.docx[11/24/14]

4

completion of the Project. This Agreement supersedes any prior or contemporaneous oral or written agreement or understanding on the subject.

12. **Counterparts; Facsimile/Email Transmission.** This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. This Agreement shall be binding upon the Parties upon the facsimile transmission or email transmission of an executed copy thereof.

IN WITNESS WHEREOF, the Parties have executed this Agreement effective as of the Effective Date first above written.

**PREFERRED MATERIALS, INC. F/K/A OLDCASTLE SOUTHERN GROUP, INC. D/B/A APAC-SOUTHEAST, INC.**

By:_____
_____, (__)

ARCO, INC.

By: _[signature]_
President ___, (__)

QBS, INC.

By:_____
_____, (__)

**FEDERAL INSURANCE COMPANY**

By:_____
_____, (__)

4

completion of the Project. This Agreement supersedes any prior or contemporaneous oral or written agreement or understanding on the subject.

12. **Counterparts; Facsimile/Email Transmission.** This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. This Agreement shall be binding upon the Parties upon the facsimile transmission or email transmission of an executed copy thereof.

IN WITNESS WHEREOF, the Parties have executed this Agreement effective as of the Effective Date first above written.

PREFERRED MATERIALS, INC. F/K/A OLDCASTLE SOUTHERN GROUP, INC. D/B/A APAC-SOUTHEAST, INC.

By:_____
_____, (_____)

ARCO, INC.

By:_____
_____, (_____)

QBS, INC.

By:_____
Jim Franks, President

FEDERAL INSURANCE COMPANY

By:_____
[signature] SURETY CLAIMS

y:\16104\preferred materials\arbitration agreement.docx[11/24/14]

4